945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Elias QUINTANILLA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GARCIA-PRIETO, Defendant-Appellant.
 Nos. 89-50352, 89-50354.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1991.
Decided Oct. 2, 1991.
 
 Before JAMES R. BROWNING, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*.
 
 
 2
 Quintanilla pleaded guilty to one count of conspiracy to conceal, harbor and transport aliens, in violation of 8 U.S.C. § 1324(a)(1). Under the circumstances, the Sentencing Guidelines called for a sentence of between four and ten months. The district court sentenced Quintanilla to 18 months incarceration to be followed by 3 years supervised release. Quintanilla appeals. We affirm.
 
 
 3
 Quintanilla argues the district court erred in departing upward from the Guideline range because the aggravating factor relied upon by the district court was adequately considered by the Sentencing Commission in formulating the Guidelines. See United States v. Lira-Barraza, Slip. No. 88-5161 at 9029 (9th Cir. July 22, 1991) (en banc). We disagree.
 
 
 4
 In sentencing Quintanilla, the sentencing judge stated that "the sole reason for the departure ... is the number of aliens being processed, the scope of the operation, the amount of people, and the amount of money involved" in Quintanilla's alien smuggling operation. Quintanilla concedes this is an appropriate basis for departure. See Guidelines § 2L1.1, Application Note 8. Quintanilla argues, however, that the upward departure was actually based upon his leading role in the offense, a factor adequately taken into account by the Guidelines. See Guidelines § 3B1.1. His co-conspirators, Quintanilla notes, were involved in the same extensive criminal enterprise; yet only Garcia-Prieto, who also had a leadership role, received an increased sentence. From this he concludes the district court must have enhanced his sentence because of his role in the offense.
 
 
 5
 This conclusion is unwarranted. The district court's decision not to increase the sentences of Quintanilla's co-conspirators was based upon the presence of mitigating factors in their cases which are not present in Quintanilla's case. As the district court stated:
 
 
 6
 I did not depart upward from the guidelines in the case of the five other defendants that I have characterized ... as flunkies.... They couldn't pay their fee [for being smuggled into the United States by Quintanilla's enterprise] and they were basically working off their fee by doing odd jobs....
 
 
 7
 The district court also said it would be unfair to impose additional punishment upon those who were in no way responsible for the extensiveness of the conspiracy.
 
 
 8
 These are entirely sensible reasons for distinguishing between Quintanilla and his co-conspirators. There is nothing to refute them. We therefore accept the district court's stated reasons for departing upward, and conclude the court did not err.
 
 
 9
 United States v. Nuno-Para, 877 F.2d 1409 (9th Cir.1989), is not to the contrary. There, the district court stated expressly that it relied upon both the scope of the alien smuggling operation and the defendant's role in the operation as reasons for departing upward. Id. at 1413-14. Because the court relied upon both proper and improper factors in departing upward, we vacated the sentence. Id. at 1414. Here, as we have said, in departing upward the district court relied upon the scope of the operation, not the defendant's role.
 
 
 10
 Quintanilla maintains the district court erred in not advising him of its intention to depart upward until the day of the sentencing hearing. See Nuno-Para, 877 F.2d at 1415. Any error was cured by the district court's offer to grant the defendant a continuance.
 
 
 11
 Finally, Quintanilla argues the government breached a plea agreement by not advising the court of Quintanilla's cooperativeness. This claim was not raised below and we therefore do not address it. United States v. Flores-Payon, Slip. No. 90-50081 at 10987-10991 (9th Cir. August 12, 1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3